## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLISON B. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-917-D |
| | ) | |
| DYNAMIC GAMING SOLUTIONS, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### O R D E R

Before the Court is the Motion to Dismiss Plaintiff's Claims Against Defendants Mark Larson ("Larson") and Travis Skaggs ("Skaggs") [Doc. No. 16] under Fed. R. Civ. P. 12(b)(6).  Plaintiff has filed a timely response [Doc. No. 17], and the time for filing a reply brief has expired.  Thus, the Motion is fully briefed and at issue.

### Factual and Procedural Background

Plaintiff brings this employment discrimination action against her former employer, Dynamic Gaming Solutions, LLC ("Dynamic") under multiple federal statutes and state law.  The movants are individuals who were employed by Dynamic in managerial positions and allegedly made the decision to terminate Plaintiff's employment.  As to these defendants, Plaintiff asserts supplemental claims of tortious interference with a contractual or employment relationship (Count V) and tortious interference with a prospective business advantage (Count VI).  By the Motion, Larson and Skaggs seek dismissal of these claims on the grounds that, as fellow agents or employees of Dynamic acting within the scope of

their employment, they could not interfere with Plaintiff's relationship with Dynamic as a matter of law, and that Plaintiff fails to plead sufficient facts to state a plausible tort claim against them.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed. *Id.* at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

## Plaintiff's Allegations

Accepting as true the factual allegations of the Complaint, Plaintiff worked for Dynamic as an administrative assistant for approximately one year, and shortly before her employment ended in September 2021, she was promoted to an accounting position. Larson and Skaggs also were employed by Dynamic as, respectively, its chief executive

officer and operations manager.  Plaintiff is female and has a disability as defined by federal law in that she suffers from migraine headaches.  During her employment, Plaintiff became aware of business practices of Dynamic that she reasonably believed to constitute gender discrimination, violation of overtime wage laws, and tax evasion, and Plaintiff voiced these concerns to her immediate supervisors.  Plaintiff alleges she raised the tax payment issue in April 2021 and discussed it with her supervisor, Paul Moen, in mid-September 2021.

Shortly before her termination, on September 24, 2021, Plaintiff was informed by Mr. Moen and his incoming replacement, Neal Remmers, of her promotion and that an anticipated raise of $10,000 would instead be $7,000, and her work hours would be increased.  Plaintiff immediately complained about the lesser amount and expressed her belief that Dynamic's pay practices favored male employees and were discriminatory.  The next business day, September 27, 2021, Plaintiff discussed with Mr. Moen a reasonable belief that she was entitled to overtime wages and discussed with Mr. Remmers her concern about nonpayment of sales taxes (because her new duties included submitting tax reports).  Later that day, Plaintiff began experiencing a severe migraine headache and was given permission by Mr. Remmers to leave work.

However, when Plaintiff returned to work the following day, she learned that Dynamic had terminated her employment.  Skaggs stated to Plaintiff the reasons for the decision were her leaving work early the previous day and "disgruntled" behavior regarding her pay.  *See* Compl. [Doc. No. 1], ¶ 38.  Plaintiff claims these reasons were pretextual and the true reasons were discrimination based on disability and gender and retaliation for her complaints of gender discrimination and violations of wage and tax laws.

3

Plaintiff alleges that the decision to terminate her employment was made jointly by Larson and Skaggs with knowledge of her complaints.  She also alleges that Skaggs offered her a severance agreement that would have paid her to release potential claims, but she declined.

### Defendants' Motion

Larson and Skaggs contend Plaintiff's claims against them are barred by the well-established rule "that a tortious interference claim can only be maintained against a stranger to a contract or business relationship" and a claim may not be brought against an agent or employee of the contracting party.  *See* Defs.' Mot. Dismiss at 5-6 (citing *Ray v. American Nat'l Bank & Trust Co*., 1994 OK 100, ₧ 15, 894 P.2d 1056, 1060; *Wilspec Tech., Inc. v. Dunan Holding Group Co*., 2009 OK 12, ₧ 15, 204 P.3d 69, 74; and *Martin v. Johnson*, 1998 OK 127, ₧ 30, 975 P.2d 889, 896).  The movants concede there is an exception to this rule if the agent was acting against the interest of the principal and in furtherance of the agent's own interests, and they acknowledge Plaintiff's allegations that "Defendants Larson and Skaggs were not acting to serve any legitimate or lawful interest of Dynamic, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights."  *Id*. at 9 (quoting Compl. ₧ 75).  Larson and Skaggs contend these conclusory, formulaic allegations are not supported by sufficient facts to show either of them acted to further a personal interest. They also deny the truth of Plaintiff's contentions, arguing that Larson was not involved in the decision and Skaggs acted in Dynamic's best interests in terminating Plaintiff because she had "demean[ed] the company by (1) complaining about her generous pay raise,

4

(2) spreading false rumors about the company's alleged tax evasion, and (3) abandoning her work upon learning her pay raise was not what she expected." *Id*.

## Discussion

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See Iqbal*, 556 U.S. at 679; *see also Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008). Upon consideration, the Court finds in the context of this case that the Complaint provides a sufficient factual basis to support tortious interference claims against Larson and Skaggs and, therefore, to state plausible claims.

The Oklahoma Supreme Court recently revisited the common law tort of intentional interference with a contractual relationship and examined in "a case of first impression" the elements of the tort of intentional interference with a prospective business advantage. *See Loven v. Church Mut. Ins. Co.*, 2019 OK 68, ¶ 18, 452 P.3d 418, 423-24. The elements of tortious interference with a contractual or business relationship are:[1]

> 1) interference with a business or contractual right;
>
> 2) malice or wrongful interference that is neither justified, privileged, nor excusable; and
>
> 3) damage proximately sustained as a result of the interference.

*Id*. ¶ 18, 452 P.3d at 424 (citing *Tuffy's Inc. v. City of Okla. City*, 2009 OK 4, ¶14, 212 P.3d 1158, 1165) (footnote omitted). "[T]he element of malice, for malicious interference, is

---

[1] "[T]he terms 'malicious interference,' 'intentional interference,' and 'tortious interference' with contract and business relations . . . constitute the same tort in Oklahoma jurisprudence." *Id*. ¶ 19, 452 P.3d at 425 (footnote omitted).

defined as an unreasonable and wrongful act done intentionally, without just cause or excuse and . . . clearly requires a showing of bad faith." *Id*. ¶ 19, 452 P.2d at 425. "[T]he essential elements of a claim for intentional interference with a prospective economic advantage [are] as follows:"

> 1) the existence of a valid business relation or expectancy;
>
> 2) knowledge of the relationship or expectance on the part of the interferer;
>
> 3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
>
> 4) resultant damage to the party whose relationship has been disrupted.

*Id*. ¶ 21, 452 P.3d at 425 (footnote omitted). The third element requires proof the tortfeasor "acted with the intentional purpose to interfere or in bad faith" or the "interference was done with an improper, wrongful, or malicious motive." *Id*. ¶ 22, 452 P.3d at 426.

In this case, the Court finds that the Complaint contains minimally sufficient facts to state plausible claims against Larson and Skaggs for tortious interference with an existing and prospective business relationship between Dynamic and Plaintiff. Assuming the truth of Plaintiff's allegations, Larson and Skaggs intentionally interfered with her existing and prospective business relationship with Dynamic and acted in bad faith and with an improper motive when they decided to terminate Plaintiff's employment for discriminatory and retaliatory reasons. Rather than acting to further a legitimate business purpose of Dynamic, Larson and Skaggs allegedly were motivated by hostility toward Plaintiff's protected characteristics and activities, including her complaints of unlawful conduct. Although Plaintiff's allegations are vigorously disputed, the Complaint gives

Larson and Skaggs fair notice of the claims asserted against them for engaging in conduct contrary to Dynamic's interests but consonant with their personal interests.  Fair notice remains the federal pleading standard.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Rule 8(a)(2) still lives.").

## Conclusion

For these reasons, the Court finds that the Complaint states plausible claims against Defendants Larson and Skaggs for tortious interference with contractual and prospective business relations.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Plaintiff's Claims Against Defendants Mark Larson and Travis Skaggs [Doc. No. 16] is **DENIED**.

**IT IS SO ORDERED** this 6th day of February, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge