IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLISON B. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-22-917-D |
| DYNAMIC GAMING SOLUTIONS, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court is Plaintiff's Second Motion to Compel Discovery [Doc. No. 38]. Plaintiff moves pursuant to Fed. R. Civ. P. 37 for an order compelling Defendant Dynamic Gaming Solutions, LLC ("Dynamic") to produce all its financial statements, federal tax returns, annual financial reports, and annual audits for the past five years, and compelling Defendants Mark Larson and Travis Skaggs to produce their federal tax returns and monthly statements for all checking, savings, and investment accounts for the past five years.  *See* 2d Mot. Compel at 5. Defendants object to producing any documents responsive to these requests on two grounds:   1) relevance, arguing that Plaintiff must make a threshold showing of a basis for punitive damages before she is entitled to evidence of their financial condition; and 2) proportionality, arguing that Plaintiff's requests are disproportional to the needs of her case. *See* Resp. Br. [Doc. No. 41] at 2-3, 3-4. Plaintiff disagrees with Defendants' position in all respects.  *See* Reply Br. [Doc. No. 43].

Upon consideration, the Court finds itself in partial agreement with both sides. Plaintiff is correct regarding her right to discovery under Fed. R. Civ. P. 26(b)(1) of relevant evidence for punitive damages. Defendants do not dispute that Plaintiff asserts claims for which punitive damages are recoverable or that the information sought is relevant to an award of such damages. Instead, Defendants assert that Plaintiff must first provide proof to support the recovery of punitive damages before the information becomes relevant. They cite no legal authority, and the Court is aware of none, to support this proposition. Particularly under the circumstances of this case, where Defendants did not seek a summary judgment ruling on the issue of punitive damages, Plaintiff's alleged damages will be decided at trial, and Plaintiff is entitled to pretrial discovery of the information she may need to present on this issue.

However, the Court finds that Plaintiff's broad requests are disproportionate to her need for evidence of Defendants' finances. An appropriate factor to be considered by the jury in determining a reasonable award of punitive damages (if any) is Defendants' financial condition and net worth. *See Cont'l Trend Res., Inc. v. OXY USA Inc.*, 101 F.3d 634, 642 (10th Cir. 1996). Plaintiff's requests to Dynamic for every financial statement, report, and balance sheet for the last five years (Request Nos. 87-88), and to the individual defendants for monthly statements for every financial account for the last five years (Larson, Request No. 35 and Skaggs, Request No. 48), are not proportional to Plaintiff's need to show Defendants' financial condition or worth. The Court believes that the production of Defendants' federal tax returns, Dynamic's annual financial statements and audit reports, and annual statements of the individual defendants' checking, savings, and

investment accounts is sufficient to satisfy Plaintiff's need for information about Defendants' financial condition. Further, because Plaintiff's claims concern conduct that occurred in 2021, the temporal scope of the requests is overly broad, a reasonable period is the past three years.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery [Doc. No. 38] is **GRANTED** in part and **DENIED** in part. Defendants shall produce documents responsive to Plaintiff's requests for production in dispute, as provided by this Order, within 21 days from the date of this Order. Each party shall bear its own costs and attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED** this 28th day of December, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge